## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

**BETTY JEAN ELLIS**                                                    **PLAINTIFF**

v.                                      **No. 2:10–cv–200–DPM–JTR**

**MICHAEL J. ASTRUE, Commissioner,**
**Social Security Administration**                          **DEFENDANT**

## ORDER

Does substantial evidence on the record as a whole, evidence that a reasonable mind would accept as adequate, support the Commissioner's decision that Betty Jean Ellis is not disabled? *Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). She is forty-one years old. She graduated from high school and has worked on an assembly line, as a grill cook, a waitress, a Medicaid assistant, and a nursing attendant. Ellis, everyone agrees, has severe impairments: diabetes mellitus, hypertension, asthma, a Baker's cyst on her left knee, and obesity. She also has asthma, as well as various diabetes-associated problems. The ALJ concluded nonetheless that Ellis could perform sedentary work, so long as she avoided exposure to fumes, odors, dusts, gases, and the like. After considering a vocational expert's testimony, the ALJ concluded that work she could do—such as a

telemarketer or food checker — was available. Ellis challenges the ALJ's detailed and careful opinion on three points.

First, the Court is not persuaded that the ALJ overlooked some severe impairments. The record contains no medical evidence of pulmonary sarcoidosis or a cerebrovascular accident. While a nurse practitioner did diagnose depression from time to time, Ellis has received no sustained treatment for this condition from a mental health professional. The circumstances thus call into doubt the severity of this condition. *Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007). Ellis's congestive heart failure is responding to medical treatment, and thus cannot be disabling. *Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007). The medical evidence, moreover, supports the ALJ's conclusion that medication could control Ellis's high blood pressure, hypertension, and asthma: so concluded Ellis's cardiologist and nurse practitioner. Substantial evidence supports the ALJ's conclusions about the severity of Ellis's various impairments.

Second, the Court is not persuaded that the ALJ improperly evaluated Ellis's complaints of pain and discomfort. The ALJ considered them. But he discounted them as inconsistent with the evidence as a whole. No *Polaski*

error occurred. Ellis's complaints of back pain, for example, are inconsistent with her having a full range of motion, no tenderness, and no diagnosis of degenerative disc disease or other back problem. Ellis's complaints come down to credibility. The ALJ looked to the record as a whole and gave good reasons — including Ellis's noncompliance in taking prescribed medicine — for discounting her subjective complaints. Precedent requires no more. *Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir. 2003).

Third, the Court sees no error in the ALJ's assessment of Ellis's residual functional capacity. Contrary to Ellis's argument, the ALJ did a function-by-function analysis that complied with Social Security Regulation 96-8p. *Tr. at 15–16, 24–27.* As to Ellis's supposedly low Global Assessment of Functioning scores, the Commissioner rightly notes that the record also contains evidence of later and higher scores. The ALJ did not err in how he assessed Ellis's residual functional capacity.

* * *

On review for legal error and substantial evidence, the Court affirms the denial of benefits.

So Ordered.

D.P. Marshall Jr.
United States District Judge

27 September 2012